UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
JAN - 7 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MELISSA GARDNER,

    Plaintiff,

v.

AMERITECH SICKNESS AND
ACCIDENT DISABILITY PLAN;
AMERITECH LONG TERM DISABILITY
PLAN

    Defendants.
_____/

Case No.:

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Melissa Gardner ("Plaintiff") alleges as follows:

### JURISDICTION

1.    Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

### VENUE

2.    Venue is proper in the Peoria Division in the Central District of Illinois because the acts and occurrences giving rise to Plaintiff's claim for relief took place in East Peoria, Illinois in that Plaintiff was a resident of East Peoria, county of Tazewell, Illinois, when

1

Defendant terminated her short term disability ("STD") claim and refused to allow her to apply for long term disability ("LTD"). Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court.

## PARTIES

3. Plaintiff was a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Ameritech Sickness and Accident Disability Plan ("the STD Plan") and therefore is entitled to receive benefits therefrom. Plaintiff was a participant because she was an employee of AT&T, which established the STD Plan.

4. Plaintiff was a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Ameritech Long Term Disability Plan ("the LTD Plan") and therefore is entitled to receive benefits therefrom. Plaintiff was a participant because she was an employee of AT&T, which established the LTD Plan.

5. Defendants the STD Plan and LTD Plan are employee welfare benefit plans organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

## FIRST CLAIM FOR RELIEF
(For Declaratory Relief That Plaintiff Is Entitled to Benefits–
Against Defendant The STD Plan)

6. The STD Plan provides short-term disability benefits after an waiting period of 7 days. Such benefits continue for a maximum of 52 weeks.

7. In order to be eligible for benefits under the STD Plan, an employee must meet the STD Plan's definition of disability. The STD Plan defines total disability, as follows:

> "During the period of 52 weeks immediately following the Waiting Period shall mean a sickness or injury, supported by objective medical documentation, that prevents Eligible Employee from performing the duties of his/her last Company or Participating

>Company-assigned job with or without reasonable accommodation (as determined by the Company or its delegate) or any other job assigned by the Company or Participating Company for which the Eligible Employee is qualified with or without reasonable accommodation (as determined by the Company or its delegate). For the purposes of this Plan, disabilities associated with pregnancy shall be considered disabilities due to sickness."

8. Plaintiff was employed by AT&T as a Marketing Support Specialist.

9. Plaintiff became totally disabled and ceased to work on March 13, 2006.

10. Plaintiff remained disabled through the 7 day waiting period.

11. Plaintiff applied for and received STD benefits from the STD Plan effective March 30, 2006.

12. By letter dated January 26, 2006, the STD Plan terminated Plaintiff's STD benefits.

13. By letter dated July 19, 2007, Plaintiff appealed and supplemented her appeal by letter dated September 10, 2007the termination of her STD benefits.

14. By letter dated July 26, 2007, the STD Plan denied Plaintiff's appeal.

15. Plaintiff continued to be, totally disabled under the terms of the STD Plan through March 20, 2007.

16. The STD Plan's termination of Plaintiff's short-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

17. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and the STD Plan, on the other hand with respect to whether Plaintiff is entitled to short term and long-term disability benefits under the terms of the STD Plan through the maximum period, i.e., until March 20, 2007.

18.     Plaintiff contends, and the STD Plan disputes, that Plaintiff is entitled to benefits under the terms of the STD Plan for short-term disability through March 20, 2007 because Plaintiff contends, and defendant the STD Plan disputes, that Plaintiff was totally disabled.

19.     Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that the STD Plan is obligated to pay short-term and long-term disability benefits, under the terms of the STD Plan, retroactive to the first day of the termination of her STD benefits, through March 20, 2007.

20.     A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

21.     As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the STD Plan.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the STD Plan.

### SECOND CLAIM FOR DECLARATORY RELIEF
(For Declaratory Relief That Plaintiff Is Entitled to Benefits–
Against Defendant The LTD Plan)

22.     Plaintiff incorporates by reference paragraphs 1 through 5, inclusive, by reference.

23.     In order to be eligible for benefits under the LTD Plan, an employee must meet the LTD Plan's definition of disability.  The LTD Plan defines total disability, as follows:

> "'Disability' or 'Disabled' immediately following the Waiting Period shall mean an illness or injury, other than accidental injury arising out of and in the course of employment by the Company, or a Participating Company, supported by objective medical documentation, that prevents the Eligible Employee from engaging in any occupation or employment (with reasonable accommodation as determined by the Company or its delegate), for which the Employee is qualified, or may reasonably become qualified, based on training, education or experience. An employee shall continue to be considered disabled if prevented by reason of such illness or injury, supported by objective medical documentation, from working at a job which, when combined with benefits payable from the Plan, equal less than 75% of the Eligible Employee's Base Pay at the time the Disability occurred."

Plaintiff completed her 52 week waiting period on March 20, 2007.

24. In order to be eligible for benefits under the LTD Plan, an employee must complete the Plan's waiting period. The LTD Plan defines the waiting period, as follows:

> "'Waiting Period' shall mean the 26 week or 52 week period for which Sickness Disability Benefits under the Ameritech Sickness and Accident Disability Benefit Plan are payable and for which no benefits are payable under this Plan."

25. Plaintiff applied for LTD benefits from the LTD Plan but her application was rejected.

26. By letter dated July 19, 2007, Plaintiff appealed and supplemented her appeal by letter dated September 10, 2007 the denial of her LTD benefits.

27. By letter dated July 26, 2007, the LTD plan denied Plaintiff's appeal.

28. Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the LTD Plan.

29. At all times mentioned herein Plaintiff was, and continues to be, totally disabled under the terms of the LTD Plan.

30.  The LTD Plan's denial for LTD benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

31.  An actual controversy has arisen and now exists between Plaintiff, on the one hand, and the LTD Plan on the other hand with respect to whether Plaintiff is entitled to long-term disability benefits under the terms of the LTD Plan.

32.  Plaintiff contends, and the LTD Plan disputes, that Plaintiff is entitled to benefits under the terms of the LTD benefits under the terms of the LTD Plan because Plaintiff contends, and defendant the LTD Plan dispute, that Plaintiff is totally disabled.

33.  Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration the LTD Plan is obligated to pay long-term disability benefits, under the terms of the LTD Plan, retroactive to March 21, 2007 and until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the LTD Plan.

34.  A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

35.  As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the LTD Plan.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the LTD Plan.

1.  For declaratory judgment against defendants the STD Plan and the LTD Plan, requiring the STD Plan and the LTD Plan to pay short-term and long-term disability benefits under the terms of the STD Plan and the LTD Plan to Plaintiff for the periods to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, and ton continue to pay LTD benefits until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the LTD Plan.

2.  For attorney's fees pursuant to statute.

3.  For costs of suit incurred.

4.  For such other and further relief as the Court deems just and proper.

Dated: January 2, 2008

Thornton Davidson
The ERISA Law Group
2055 San Joaquin Street
Fresno, CA 93721
Telephone: 559-256-9800
Facsimile: 559-256-9795
E-mail: thorntondavids@aol.com

JS 44 (Rev. 12/07)    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MELISSA GARDNER

**DEFENDANTS**
AMERITECH SICNKESS AND ACCIDENT DISABILITY PLAN; AMERITECH LONG TERM DISABILITY PLAN

(b) County of Residence of First Listed Plaintiff: Tazewell
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thornton Davidson, The ERISA Law Group, 2055 San Joaquin Street, Fresno, CA 93721; 559-256-9800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 11332
Brief description of cause:
Employee Benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/02/2008
SIGNATURE OF ATTORNEY OF RECORD: s/Thornton Davidson

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**   Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.