UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA GARDNER, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 08-1007 |
| ) | |
| vs. ) | |
| ) | |
| AMERITECH SICKNESS AND ) | |
| ACCIDENT DISABILITY PLAN; ) | |
| AMERITECH LONG TERM ) | |
| DISABILITY PLAN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND
ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Ameritech Sickness and Accident Disability Plan (the "STD Plan") and Ameritech Long Term Disability Plan (the "LTD Plan") (collectively "Defendants"), by and through their undersigned counsel, and for their *Answer and Additional and Affirmative Defenses to Plaintiff's Complaint For Declaratory Relief* ("Complaint"), state as follows:

**JURISDICTION**

1. Plaintiffs claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1). Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 1 of the Complaint, except to admit that Plaintiff purports to bring a claim under 29 U.S.C. § 1132(a)(1) and to admit that jurisdiction is proper in this Court.

**VENUE**

2. Venue is proper in the Peoria Division in the Central District of Illinois because

1

\5230855.2

the acts and occurrences giving rise to Plaintiffs claim for relief took place in East Peoria, Illinois in that Plaintiff was a resident of East Peoria, county of Tazewell, Illinois, when Defendant terminated her short term disability ("STD") claim and refused to allow her to apply for long term disability ("LTD"). Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 2 of the Complaint, except to admit that venue is proper in this Court.

## PARTIES

3. Plaintiff was a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Ameritech Sickness and Accident Disability Plan ("the STD Plan") and therefore is entitled to receive benefits therefrom. Plaintiff was a participant because she was an employee of AT&T, which established the STD Plan.

**ANSWER:** Insofar as paragraph 3 contains legal conclusion to which Defendants are not required to respond, Defendants neither admit nor deny the allegations thereof. Defendants deny any and all factual allegations made and contained in Paragraph 3 of the Complaint, except to admit that AT&T Inc. ("AT&T") or its predecessors established the STD Plan.

4. Plaintiff was a participant, as that term is defined by 29 U.S.C. section 1000(7), of the Ameritech Long Term Disability Plan ("the LTD Plan") and therefore is entitled to receive benefits therefrom. Plaintiff was a participant because she was an employee of AT&T, which established the LTD Plan.

**ANSWER:** Insofar as paragraph 4 contains legal conclusions to which Defendants are not required to respond, Defendants neither admit nor deny the allegations thereof. Defendants deny any and all factual allegations made and contained in Paragraph 4 of the Complaint, except to admit that AT&T Inc. ("AT&T") or its predecessors established the STD Plan.

5. Defendants the STD Plan and LTD Plan are employee welfare benefit plans organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

**ANSWER:** Defendants admit the allegations made and contained in Paragraph 5 of the Complaint.

\5230855.2

**FIRST CLAIM FOR RELIEF**
(For Declaratory Relief That Plaintiff Is Entitled to Benefits-
Against Defendant The STD Plan)

6. The STD Plan provides short-term disability benefits after a waiting period of 7 days. Such benefits continue for a maximum of 52 weeks.

**ANSWER:** Defendants admit the allegations made and contained in Paragraph 6 of the Complaint.

7. In order to be eligible for benefits under the STD Plan, an employee must meet the STD Plan's definition of disability. The STD Plan defines total disability, as follows:

> "During the period of 52 weeks immediately following the Waiting Period shall mean a sickness or injury, supported by objective medical documentation, that prevents Eligible Employee from performing the duties of his/her last Company or Participating Company-assigned job with or without reasonable accommodation (as determined by the Company or its delegate) or any other job assigned by the Company or Participating Company for which the Eligible Employee is qualified with or without reasonable accommodation (as determined by the Company or its delegate). For the purposes of this Plan, disabilities associated with pregnancy shall be considered disabilities due to sickness."

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 7 of the Complaint, expect to state that the quoted section of the STD Plan speaks for itself.

8. Plaintiff was employed by AT&T as a Marketing Support Specialist.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 8 of the Complaint, except to admit that Plaintiff was employed by Ameritech Services, Inc. during the relevant time period.

9. Plaintiff became totally disabled and ceased to work on March 13, 2006.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 9 of the Complaint, except to admit that Plaintiff began a medical leave on March 13, 2006.

10. Plaintiff remained disabled through the 7 day waiting period.

3

\5230855.2

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 10 of the Complaint.

11. Plaintiff applied for and received STD benefits from the STD Plan effective March 30, 2006.

**ANSWER:** Defendants admit the allegations made and contained in Paragraph 11 of the Complaint.

12. By letter dated January 26, 2006, the STD Plan terminated Plaintiffs STD benefits.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 12 of the Complaint, except to admit that the STD plan terminated Plaintiff's STD benefits.

13. By letter dated July 19, 2007, Plaintiff appealed and supplemented her appeal by letter dated September 10, 2007 the termination of her STD benefits.

**ANSWER:** Defendants admit the allegations made and contained in Paragraph 13 of the Complaint.

14. By letter dated July 26, 2007, the STD Plan denied Plaintiff's appeal.

**ANSWER:** Defendants admit the allegations made and contained in Paragraph 14 of the Complaint.

15. Plaintiff continued to be, totally disabled under the terms of the STD Plan through March 20, 2007.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 15 of the Complaint.

16. The STD Plan's termination of Plaintiff's short-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 16 of the Complaint.

\5230855.2

17. An actual controversy has arisen and now exists between Plaintiff, on the one hand, and the STD Plan, on the other hand with respect to whether Plaintiff is entitled to short term and long-term disability benefits under the terms of the STD Plan through the maximum period, i.e., until March 20, 2007.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 17 of the Complaint.

18. Plaintiff contends, and the STD Plan disputes, that Plaintiff is entitled to benefits under the terms of the STD Plan for short-term disability through March 20, 2007 because Plaintiff contends, and defendant the STD Plan disputes, that Plaintiff was totally disabled.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 18 of the Complaint, except to state that Plaintiff is not entitled to further benefits under the STD Plan.

19. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that the STD Plan is obligated to pay short-term and long-term disability benefits, under the terms of the STD Plan, retroactive to the first day of the termination of her STD benefits, through March 20, 2007.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 19 of the Complaint, except to admit that Plaintiff has requested a declaratory judgment.

20. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 20 of the Complaint.

21. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the STD Plan. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiffs rights under the terms of the STD Plan.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 21 of the Complaint.

\5230855.2

**SECOND CLAIM FOR DECLARATORY RELIEF**
(For Declaratory Relief That Plaintiff Is Entitled to Benefits-
Against Defendant The LTD Plan)

22. Plaintiff incorporates by reference paragraphs l through 5, inclusive, by reference.

**ANSWER:** Defendants incorporates by reference its answers to Paragraphs one (1) through twenty-one (21) above as if fully set forth herein.

23. In order to be eligible for benefits under the LTD Plan, an employee must meet the LTD Plan's definition of disability. The LTD Plan defines total disability, as follows:

> "'Disability' or 'Disabled' immediately following the Waiting Period shall mean an illness or injury, other than accidental injury arising out of and in the course of employment by the Company, or a Participating Company, supported by objective medical documentation, that prevents the Eligible Employee from engaging in any occupation or employment (with reasonable accommodation as determined by the Company or its delegate), for which the Employee is qualified, or may reasonably become qualified, based on training, education or experience. An employee shall continue to be considered disabled if prevented by reason of such illness or injury, supported by objective medical documentation, from working at a job which, when combined with benefits payable from the Plan, equal less than 75% of the Eligible Employee's Base Pay at the time the Disability occurred."

Plaintiff completed her 52 week waiting period on March 20, 2007.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 23 of the Complaint, except to state that the quoted section of the LTD Plan speaks for itself.

24. In order to be eligible for benefits under the LTD Plan, an employee must complete the Plan's waiting period. The LTD Plan defines the waiting period, as follows:

> "'Waiting Period' shall mean the 26 week or 52 week period for which Sickness Disability Benefits under the Ameritech Sickness and Accident Disability Benefit Plan are payable and for which no benefits are payable under this Plan."

**ANSWER:** Defendants admit the allegations made and contained in Paragraph 24 of the Complaint, and further states that the quoted section of the LTD Plan speaks for itself.

6

\5230855.2

25.    Plaintiff applied for LTD benefits from the LTD Plan but her application was rejected.

**ANSWER:**    Defendants deny that Plaintiff timely applied for benefits under the LTD Plan but admit that the LTD Plan denied her benefits.

26.    By letter dated July 19, 2007, Plaintiff appealed and supplemented her appeal by letter dated September 10, 2007 the denial of her LTD benefits.

**ANSWER:**    Defendants admit the allegations made and contained in Paragraph 26 of the Complaint.

27.    By letter dated July 26, 2007, the LTD plan denied Plaintiff's appeal.

**ANSWER:**    Defendants admit the allegations made and contained in Paragraph 27 of the Complaint.

28.    Plaintiff has exhausted all administrative remedies required to be exhausted under the terms of the LTD Plan.

**ANSWER:**    Defendants admit the allegations made and contained in Paragraph 28 of the Complaint.

29.    At all times mentioned herein Plaintiff was, and continues to be, totally disabled under the terms of the LTD Plan.

**ANSWER:**    Defendants deny the allegations made and contained in Paragraph 29 of the Complaint.

30.    The LTD Plan's denial for LTD benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of the Plan.

**ANSWER:**    Defendants deny the allegations made and contained in Paragraph 30 of the Complaint.

31.    An actual controversy has arisen and now exists between Plaintiff, on the one hand, and the LTD Plan on the other hand with respect to whether Plaintiff is entitled to long-term disability benefits under the terms of the LTD Plan.

\5230855.2

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 31 of the Complaint, except to state that Plaintiff is not entitled to benefits under the LTD Plan.

32. Plaintiff contends, and the LTD Plan disputes, that Plaintiff is entitled to benefits under the terms of the LTD benefits under the terms of the LTD Plan because Plaintiff contends, and defendant the LTD Plan dispute, that Plaintiff is totally disabled.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 32 of the Complaint, except to state that Plaintiff is not entitled to benefits under the LTD Plan.

33. Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration the LTD Plan is obligated to pay long-term disability benefits, under the terms of the LTD Plan, retroactive to March 21, 2007 and until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the LTD Plan.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 33 of the Complaint, except to admit that Plaintiff has requested a declaratory judgment.

34. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 34 of the Complaint.

35. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of the LTD Plan. Pursuant to 29 U.S.C. section 1132(g)(l), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights under the terms of the LTD Plan.

**ANSWER:** Defendants deny the allegations made and contained in Paragraph 35 of the Complaint.

\5230855.2

## AFFIRMATIVE AND ADDITIONAL DEFENSES

**First Defense**

As the respective benefits plans vest the administrators with sole discretion to determine all questions arising in the administration, interpretation and operation of the plan, their interpretations are reviewed under a deferential standard and may not be disturbed by this Court unless arbitrary and capricious.

**Second Defense**

To the extent that Plaintiff attempts to raise claims or issues outside of the administrative record or seeks to rely upon evidence not submitted to the Plan Administrator during the claim review process, such matters are barred by Plaintiff's failure to exhaust administrative remedies.

**Third Defense**

Defendants' determinations regarding Plaintiff's benefits are substantially justified and therefore Plaintiff is not entitled to an award of attorney's fees or costs pursuant to Section 502(g) of ERISA.

**Fourth Defense**

To the extent that Plaintiff attempts to assert claims under state law or those that rely on common law claims or principles, such claims are preempted by ERISA.

**Fifth Defense**

Plaintiff's remedies under ERISA are limited to equitable relief and any other claims or remedies, including but not limited to any claims for money damages, are barred.

**Sixth Defense**

Plaintiff fails to state a claim upon which relief may be granted.

\5230855.2

Date:  March 28, 2007                    Submitted by,

**AMERITECH SICKNESS AND ACCIDENT DISABILITY PLAN and AMERITECH LONG TERM DISABILITY PLAN**,

<u>s/ Michael R. Phillips</u>
One of Its Attorneys


Michael R. Phillips
Dionne R. Hayden
McGuireWoods LLP
77 West Wacker
41st Floor
Chicago, IL  60601
Tel:  (312) 849-8100
Fax:  (312) 849-3690
mphillips@mcguirewoods.com

\5230855.2

# CERTIFICATE OF SERVICE

I, Michael R. Phillips, an attorney, certify that on March 28, 2008, a copy of the foregoing *Answer and Additional and Affirmative Defenses to Plaintiff's Complaint* was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

        Thornton Davidson:   rosatilaw@aol.com

        s/ Michael R. Phillips
        Michael R. Phillips
        McGuireWoods LLP
        77 West Wacker
        41st Floor
        Chicago, IL  60601
        Tel:  (312) 849-8100
        Fax:  (312) 849-3690
        mphillips@mcguirewoods.com

\5230855.2