**E-FILED**
Friday, 02 May, 2008  05:55:24 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| MELISSA GARDNER, | Case No. 1:08-cv-01007-JBM-BGC |
| Plaintiff, | **JOINT SCHEDULING CONFERENCE STATEMENT** |
| v. | |
| AMERITECH SICKNESS AND ACCIDENT DISABILITY PLAN; AMERITECH LONG TERM DISABILITY PLAN | Date:  May 6, 2008<br>Time:  2:00 p.m. (CST)<br>Judge: Magistrate Judge Byron G. Cudmore |
| Defendants. | |

_____/

Plaintiff, Melissa Gardner ("Gardner"), and Defendants, Ameritech Sickness and Accidental Disability Plan and Ameritech Long Term Disability Plan, submit the following Joint Scheduling Conference Statement:

1.    SUMMARY OF FACTUAL AND LEGAL CONTENTIONS SET FORTH IN THE PLEADINGS

    A.    Plaintiff's Contentions

The operative pleading is the Complaint For Declaratory Relief. Gardner was formerly employed by AT&T as a Marketing Support Specialist. Gardner became disabled on March 13, 2006. Gardner applied for and received disability benefits from the Ameritech Sickness and Accident Disability Benefit Plan ("SADBP") beginning March 30, 2006. In January, 2007, Gardner's SADBP benefits were terminated. Gardner unsuccessfully appealed the termination of her SADBP benefits. Gardner contends that she is entitled to SADBP benefits under the terms of the SADBP, through March 20, 2007, because she was totally disabled by chronic back disease

and its effects - - pain - - together with the side effects of medication she takes to control the pain, during this time period.

Gardner further contends that she is entitled to receive long term disability ("LTD") benefits under the terms of the Ameritech Long Term Disability Plan beginning March 21, 2007. Gardner applied for LTD benefits from the LTD Plan but her application was denied. Gardner unsuccessfully appealed the denial of her application for LTD benefits. She contends that she is entitled to LTD benefits because she was and continues to be totally disabled under the terms of the LTD Plan.

Gardner seeks a declaratory judgment that she is entitled to benefits under the SADBP and LTD Plans for the time periods mentioned herein and future LTD benefits.

B.    Defendant's Contentions

Plaintiff brought this action against the Ameritech Sickness and Accident Disability Plan ("STD Plan") and the Ameritech Long Term Disability Plan ("LTD Plan") requesting that the Court declare her eligible for benefits under the STD Plan and Long Term Plan. In March 2006, Plaintiff applied for a received disability benefits from the STD Plan for physical conditions Plaintiff alleged to constitute a disability. After thorough evaluation, it was determined that Plaintiff's condition did not constitute a disability under the terms of the STD Plan and in January 2007, Plaintiff's Short Term Disability benefits were terminated. Subsequently, Plaintiff's application for long term benefits was denied. The decision to deny Plaintiff's request for benefits was reasonable and well-supported by the medical evidence in the administrative record. Accordingly, these decisions should be not disturbed by the Court under the applicable "arbitrary and capricious" standard.

2

\6234922.2

2.     PROPOSED AMENDMENTS TO THE PLEADINGS PRESENTLY ON FILE

No amendments are proposed at this time.  The parties reserve the right to move to amend if discovery reveals the basis for such amendment.

3.     SUMMARY OF UNCONTESTED AND CONTESTED FACTS

A.     Uncontested Facts

1.     Plaintiff was employed by Ameritech Services, Inc. during the relevant time period.

2.     Defendants, the SADBP Plan and the LTD Plan are employee welfare benefit plans organized and operating under the provisions of ERISA, 29 U.S.C. §1001, et seq.

3.     The SADBP Plan provides short-term disability benefits after a waiting period of seven (7) days.  Such benefits continue for a maximum of fifty-two (52) weeks.

4.     Plaintiff applied for and received SADBP benefits from the SADBP Plan effective March 30, 2006 through January 2007.

5.     By letter dated July 19, 2007, Plaintiff appealed, and supplemented her appeal by letter dated September 10, 2007, the termination of her SADBP benefits.

6.     By letter dated July 26, 2007, the SADBP Plan denied Plaintiff's appeal.

7.     In order to be eligible for benefits under the LTD Plan, an employee must complete the Plan's waiting period.  "Waiting period" is defined in the Plan.

8.     The LTD Plan denied Plaintiff's application for LTD benefits.

\6234922.2

9.    By letter dated July 19, 2007, Plaintiff appealed, and supplemented her appeal by letter dated September 10, 2007, the denial of her LTD benefits.

10.    By letter dated July 26, 2007, the LTD Plan denied Plaintiff's appeal.

11.    Plaintiff exhausted all administrative remedies required to be exhausted under the terms of the LTD Plan.

### B.    Contested Facts

All other facts are contested.

## 4.    SUMMARY OF LEGAL ISSUES

### A.    Jurisdiction

It is undisputed that jurisdiction is proper under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), U.S.C. §1132.  Therefore, pursuant to 29 U.S.C. §1131 and 29 U.S.C. §1132(e)(1) this court has jurisdiction of the action.

### B.    Venue

It is undisputed that venue is proper.

### C.    Controlling Law

It is undisputed that Federal law controls all issues presented by this action.

### D.    Disputed Legal Issues

The standard of review may be in dispute.

1.    According to Plaintiff, the Plans specify that "the Committee has full discretionary authority..." Section 6.2(f) of the SADBP; Section 5.2(f) of the LTD Plan. The Plans define "Committee" to mean "the Ameritech Employees Benefit Committee

4

and where appropriate, any applicable subcommittee or any duly authorized delegate of

the company (Ameritech Corporation), a participating company or the committee as the

case may be." SADBP Plan Section 2.2; LTD Plan Section 2.2. According to the

September 14, 2007 letter from AT&T Disability Integrated Service Center Quality

Review Unit, that entity made the final decision regarding Plaintiff's claims. There is no

information in the documentation provided to date that that entity is the "Committee" or

has been "duly authorized" to exercise fiduciary authority delegated to the Committee.

Plaintiff contends that if a party without proper authorization exercised discretionary

authority and the party with discretionary authority did not do so, review is de novo.

    2.    Defendants contend that because the Plan gave the decision maker full

discretionary authority to interpret the terms of the Plan and to determine eligibility for

and entitlement to Plan benefits in accordance with Plan terms, reversal is warranted only

if the decision is arbitrary or capricious. Under this deferential standard of review, no

discovery is permitted and the Court's review is limited to the administrative record.

5.    <u>STATUS OF ALL MATTERS SET BEFORE THE COURT</u>

No matters are presently set before the Court.

6.    <u>DISCOVERY PLAN</u>

    1.    No changes should be made in the timing, form, or requirement for

disclosures under Rule 26(a). Plaintiff's disclosures under Rule 26(a) will be made by May 1,

2008. Defendants' disclosures under Rule 26(a) will be made by May 15, 2008.

    2.    The parties may disagree as to the issue of discovery in this case. No

5

discovery has been taken to date. According to Plaintiff, the subjects on which discovery may be needed are the contents of the Administrative Record. Plaintiff contends that the Administrative record includes the following documents, in addition to the medical records and correspondence regarding Plaintiff's claim:

    A.    The SADBP Plan and all amendments thereto.

    B.    Section 6.2(b) of the SADBP Plan provides that the Committee "shall adopt and apply in a uniform and non-discriminatory manner to all persons similarly situated such bylaws, rules or procedures as it may find appropriate." Section 2.2 of the SADBP document defines "Committee" as the Employees' Benefit Committee or any applicable subcommittee or any duly authorized delegate of the company. All such bylaws or rules and procedures adopted by the Committee should be part of the Administrative Record.

    C.    Section 6.2(b) of the SADBP Plan further provides that the Committee "shall also maintain and keep records concerning the Plan and the Committee's acts and proceedings in such form and detail as the Committee deems appropriate." All such records regarding: (1) Gardner and her claim; (2) Medical Consultants Network, the service that provided Stephen C. Delheimer, the neurosurgeon who provided an opinion regarding Gardner; (3) Insurance Appeals, LTD, the service that provided Drs. Phillip Marion and J. Parker Mickle, who also provided reviews of Gardner's claim, should be part of the Administrative Record.

    D.    Pursuant to Section 6.2(d) of the SADBP Plan, the Committee grants or denies claims. Pursuant to Section 6.2(e) of the SADBP Plan, the Committee also serves as the final review committee. Therefore, all documents demonstrating that different

6

V6234922.2

persons made the initial decision and the review decision, as required by ERISA's regulations, should be part of the Administrative Record.

E.    Section 2.4 of the SADBP Plan defines "Disabled" or "Disability" as including "supported by objective medical documentation". All documents construing or applying that term which have been used, relied upon, or created in the past three years should be part of the Administrative Record.

F.    Section 2.4 of the SADBP Plan further defines "Disability" or "Disabled" as including a reference to "with or without reasonable accommodation (as determined by the company or its delegate)". All documents relied upon or created in the past three years construing that term should be part of the Administrative Record.

G.    Section 2.2. of the SADBP Plan provides that the term "Committee" shall also mean "any duly authorized delegate of the company..." If any action regarding Gardner was taken by a "duly authorized delegate of the company" all documentation showing such authorization, should be part of the Administrative Record.

H.    The final decision on appeal was made by the AT&T Integrated Disability Service Center Quality Review Unit, according to the letter dated September 14, 2007: (a) documents showing that Unit was authorized under the terms of the SADBP Plan to do so; (b) all documents regarding the deliberations and proceedings of the Unit regarding Gardner's claim; and (c) all documents setting forth its bylaws, rules or procedures, should be part of the Administrative Record.

I.    The LTD Plan and all amendments thereto.

7

\6234922.2

J.      Section 5.2(b) of the LTD Plan provides that the Committee "shall adopt and apply in a uniform and non-discriminatory manner to all persons similarly situated such bylaws, rules or procedures as it may find appropriate." Section 2.2 of the LTD Plan defines "Committee" as the Employees' Benefit Committee or any applicable subcommittee or any duly authorized delegate of the company. All such bylaws or rules and procedures should be part of the Administrative Record.

K.      Section 5.2(b) of the LTD Plan further provides that the Committee "shall also maintain and keep records concerning the Plan and the Committee's acts and proceedings in such form and detail as the Committee deems appropriate." All such records regarding: (1) Gardner and her claim; (2) Medical Consultants Network, the service that provided Stephen C. Delheimer, the neurosurgeon who provided an opinion regarding Gardner; (3) Insurance Appeals, LTD, the service that provided Drs. Phillip Marion and J. Parker Mickle, who also provided reviews of Gardner's claim, should be part of the Administrative Record.

L.      Pursuant to Section 5.2(d) of the LTD Plan, the Committee grants or denies claims. Pursuant to Section 5.2(e) of the LTD Plan, the Committee also serves as the final review committee. Therefore, all documents demonstrating that different persons made the initial decision and the review decision, as required by ERISA's regulations, should be pat of the Administrative Record.

M.      Section 2.4 of the LTD Plan states "Disabled" or "Disability" is defined in Appendices A and B, both of which include the following language: "supported by objective medical documentation". All documents construing or applying that term which have been used, relied upon, or created in the past three years should be part of the Administrative

8

V6234922.2

Record.

N.      Appendices A and B of the LTD Plan further defines "Disability" or "Disabled" as including a reference to "with reasonable accommodation (as determined by the company or its delegate)". All documents relied upon or created in the past three years construing that term should be part of the Administrative Record.

O.      Section 2.2. of the LTD Plan provides that the term "Committee" shall also mean "any duly authorized delegate of the company..." If any action regarding Gardner was taken by a "duly authorized delegate of the company" all documentation showing such authorization, should be part of the Administrative Record.

P.      The final decision on appeal was made by the AT&T Integrated Disability Service Center Quality Review Unit, according to the letter dated September 14, 2007: (a) documents showing that Unit was authorized under the terms of the LTD Plan to do so; (b) all documents regarding the deliberations and proceedings; and (c) all documents setting forth its bylaws, rules or procedures, of the Unit regarding Gardner's claim should be part of the Administrative Record.

Q.      As stated, Dr. Delheimer was provided by Medical Consultants Network. According to its website, Dr. Delheimer was required to sign a consultant agreement, submit a consultant application, provide a copy of his current CV/resume, provide documentation of Board certification, and provide a copy of his current malpractice insurance. He is also required to review the "Consultant's Manual" and comply with the protocols contained therein when providing consultation services. All such documents should be part of

\6234922.2

the Administrative Record.

        R.      The contracts between Defendant Plans and Medical Consultant's Network.

        S.      All documentation regarding fees for services paid regarding Gardner's claim by Defendants to Medical Consultants Network and all documentation regarding fees for service paid by Medical Consultants Network to Dr. Delheimer.

        T.      Delheimer's W-2 from Medical Consultants Network for a finite period of time - - 2005, 2006 and 2007.

        U.      All draft reports prepared by Dr. Delheimer and communications regarding draft.

        V.      Defendants utilized Insurance Appeals, LTD to obtain the services of Drs. Mickle and Marion. All contracts between Insurance Appeals, LTD and Defendants; all contracts, protocols and standards which Drs. Mickle and Marion were required to comply with as a condition of working through Insurance Appeals, LTD; all draft reports they prepared regarding Gardner's case and all communications regarding those draft reports; all communications between Defendants and Insurance Appeals, LTD, and between Insurance Appeals, LTD and the two doctors regarding Gardner's case, should be part of the Administrative Record; Drs. Mickle and Marion's Form W-2's from Insurance Appeals, LTD, for a finite period of time - - 2005, 2006 and 2007.

        Defendants disagree that all the documents Plaintiff lists in subparts A through V are part

10

\6234922.2

of the administrative record. Defendants intend to produce only the Administrative Record, in its entirety, which shall include all documents properly and appropriately contained in the record.

      3.     Defendants believe that no discovery is appropriate or authorized in this case. However, to the extent that this Court authorizes discovery, it should be completed by September 1, 2008.

      4.     Discovery should not be conducted in phases or limited to or focused upon particular issues.

      5.     No changes should be made in the limitations on discovery and post under Rule 26 or by local rules.

      6.     No other orders should be entered by the court under Rule 26(c) or Local Rules 16(b)(5), 16(b)(6) or 26(f).

      7.     There does not appear t be a need for discovery of electronically stored documents.

7.    <u>AGREED UPON DATES</u>

The parties agree to the following dates:

      1.     Dispositive and non-dispositive motions shall be filed no later than November 1, 2008.

      2.     The parties request that the final pre-trial conference be waived as unnecessary. Because this matter comes before the Court on administrative review, all disputed

\6234922.2

issues in this case should be resolved by the Court's rulings on summary judgment or by a trial on a stipulated record.

      A.      Each party files and serves its opening trial brief on or before N/A;

      B.      Each party files and serves its reply brief on or before N/A.

    3.      Trial date shall be N/A.

8.    SETTLEMENT

Counsel has discussed settlement. Counsel request that no mediation or settlement conference take place.

9.    JURY OR NON-JURY TRIAL

This is a non-jury case.

10.    ESTIMATED LENGTH OF TRIAL

The parties believe that trial is unnecessary in this matter; however, to the extent the Court orders a trial, the estimated length of trial is one (1) day or less.

11.    BIFURCATION

Bifurcation is not requested or appropriate.

12.    RELATED MATTERS

The parties are not aware of any matters related to this dispute.

\6234922.2

THE ERISA LAW GROUP

Dated: May 2, 2008                    By: s/ Thornton Davidson
                                      THORNTON DAVIDSON, Attorney
                                      for Plaintiff, MELISSA GARDNER


McGUIRE WOODS, LLP


Dated: May 2, 2008                    By: s/ Michael R. Phillips
                                      MICHAEL R. PHILLIPS, Attorney
                                      for Defendants, AMERITECH
                                      SICKNESS AND ACCIDENT
                                      DISABILITY PLAN; AMERITECH
                                      LONG TERM DISABILITY PLAN

13