E-FILED
Wednesday, 02 July, 2008  05:29:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA GARDNER | Case No. 1:08-cv-01007-JBM-BGC |
| Plaintiff, | **SUPPLEMENTAL JOINT SCHEDULING CONFERENCE STATEMENT** |
| v. | |
| AMERITECH SICKNESS AND ACCIDENT DISABILITY PLAN; AMERITECH LONG TERM DISABILTY PLAN, | Date: _____<br>Time: _____<br>Judge: Magistrate Judge Byron G. Cudmore |
| Defendants. | |

Pursuant to this Court's Order of June 5, 2008 the parties, through counsel, hereby submit the Supplemental Joint Scheduling Conference Statement, which supplements the Joint Scheduling Conference Statement filed May 2, 2008.

1.  PROPOSED DEADLINES FOR DISCOVERY

The parties propose that discovery cut-off be September 30, 2008.

The parties do not anticipate the designation of expert witnesses other than those whose opinions are already part of the Administrative Record.

2.  THE PARTIES' POSITIONS AND THE SCOPE OF DISCOVERY

    A.  Plaintiff's Position

Plaintiff contends that discovery is proper regarding:

    1.  Whether the entity with discretionary authority under the Plan actually exercised that discretion and thus whether review should be de novo or for abuse of discretion.

    2.  That the document identified in the May 2, 2008 Joint Scheduling Report at pages 6 through 10, items A through V, are properly included as part of the Administrative

1

Record and therefore may be obtained through discovery. Plaintiff served a Request For Production of Documents on both Defendants seeking these documents; Defendants' response was served on Monday, June 30, 2008; Plaintiff has yet to receive them. The Defense experienced technical problems filing the administrative record, but it is now accessible by Plaintiff.

   3. The Defendant Plans' efforts to assure accurate claims assessment. See *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. ___ (2008), Slip Opinion at pp. 10-11: conflict of interest more important where circumstances suggest a higher likelihood that it affected the benefits decision - - e.g., administrator has a history of broad claims administration, conflict less important where administrator has taken active steps to reduce potential bias and to promote accuracy.

  B. <u>Defendant's Contentions</u>

   1. Defendant contends that discovery is improper insofar as this matter is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1), as an appeal of an administrative decision in which the Court will review the administrator's decision under the arbitrary and capricious standard of review, based solely on the administrative record. Therefore, matters outside the administrative record cannot be considered and discovery is not permitted. *See* 29 C.F.R. § 2560.503-1(h)(2)(iii), (m)(8)(ii); *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan,* 195 F.3d 975 (7th Cir. 1999).

   2. Defendant has filed the administrative record with the Court and has complied with Judge Bernthal's May 16, 2008 ruling in *Mary Erin Miller v. Ameritech Long Term Disability Plan,* Case No. 07-2119, concerning the proper contents of the administrative

record. To the extent that the documents requested by Plaintiff in the May 2, 2008 Joint Scheduling Report are part of the administrative record, they have been filed with the Court. However, it appears that Plaintiff has requested inclusion of documents that are not properly part of the administrative record and which this Court may not consider. Defendant has responded accordingly to Plaintiff's discovery requests.

3. Defendant disagrees that the recent Supreme Court opinion in *Metropolitan Life Insurance Company v. Glenn*, 554 U.S. ___ (2008) changes the well-established law concerning the proper scope of discovery in an ERISA action. In that case, the Court held that a conflict of interest on the part of the claims administrator does not alter the standard of review but is merely one factor that the Court may consider in reviewing a decision under the discretionary standard of review, if there is a basis to believe that the conflict affected the decision. Nowhere does the Court mention the scope of discovery and if it had desired to re-interpret ERISA to alter that scope, it could have and would have done so. Moreover, the *Glenn* decision is irrelevant here because the Plans are administered by a third party having no financial interest in the Plans.

3. STANDARD OF REVIEW

    A. Plaintiff's Position

Plaintiff contends that review is de novo because the party which is authorized to hold discretion did not exercise that discretion. If documentation establishes that the party which exercised discretion was properly authorized to do so, then review will be for abuse of discretion.

    B. Defendant's Position

Defendant has filed a Declaration with the Court explaining that the Plan Administrator has properly delegated its authority to make benefit determinations to the AT&T Integrated

Disability Service Center Quality Review Unit pursuant to the terms of the Plans. This delegation does not affect the arbitrary and capricious standard of review.

THE ERISA LAW GROUP

Dated: July 2, 2008                By:____/s/_____
                                   THORNTON DAVIDSON,
                                   Attorney for Plaintiff, MELISSA
                                   GARDNER

McGUIRE WOODS, LLP

Dated: July 2, 2008                By: _____/s/_____
                                   MICHAEL R. PHILLIPS, Attorney
                                   for Defendants, AMERITECH
                                   SICKNESS AND ACCIDENT
                                   DISABILITY PLAN; AMERITECH
                                   LONG TERM DISABILITY PLAN

1:08-cv-01007-JBM-BGC   # 12   Page 4 of 4