IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| MELISSA GARDNER,            )<br>                             )<br>    Plaintiff,               )<br>                             )<br>    v.                       )  No. 08-CV-1007<br>                             )<br>AMERITECH SICKNESS AND       )<br>ACCIDENT DISABILITY PLAN and )<br>AMERITECH LONG TERM          )<br>DISABILITY PLAN,             )<br>                             )<br>    Defendants.              )  | |

## OPINION AND SCHEDULING ORDER

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is the Supplemental Joint Scheduling Conference Statement (d/e 12). Based upon that statement, discovery can commence and the Court agrees that the fact discovery cutoff date herein shall be September 30, 2008. Any experts must be disclosed, along with appropriate reports or reference to the administrative record by September 30, 2008. This is a contemporaneous disclosure. Expert discovery closes November 15, 2008.

Concerning the scope of discovery and the standard of review, the parties have competing interests and positions. Plaintiff desires a *de novo* standard of review and that discovery goes beyond the administrative record. Defendants contend that discovery is limited to the administrative record and is under an

arbitrary and capricious standard of review based solely on that administrative record.

## ANALYSIS

A denial of benefits claim challenged under 29 U.S.C. § 1132(a)(1)(B) "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57 (1989). If a plan confers this discretionary power, the deferential "arbitrary and capricious" standard governs. Herzberger v. Standard Ins. Co., 205 F.3d 327, 329 (7th Cir. 2000). No "magic words" are required to convey discretionary authority, but the words must be sufficiently clear to "give the employee adequate notice that the plan administrator is to make a judgment largely insulated from judicial review by reason of being discretionary." Herzberger, 204 F.3d at 333; Fritcher v. Health Care Service Corp., 301 F.3d 811, 816 (7th Cir. 2002).

When deferential review applies, discovery is limited to the record before the decision maker. Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan, 195 F.3d 975, 981-82 (7th Cir. 1999). D*e novo* review allows for broader discovery outside the administrative record. Id. Additionally, discovery on claims distinct from the administrator's benefits decision is not limited to the administrative record. See, *e.g.,* Vallone v. CNA Financial Corp., 375 F.3d 623,

629-30 (7th Cir. 2004)(district court erred by limiting discovery on estoppel claim, and properly allowed expanded discovery on fiduciary claim, because those claims generally do not involve a review of the decision to deny benefits. )

Limited discovery can proceed at this time. Discovery should proceed regarding the decision to deny benefits. However, that discovery should be limited to the administrative record before the decision makers at this point. This approach will: 1) avoid unnecessary delays in discovery appropriate under either standard of review; and 2) avoid wasted time and expense on potentially unnecessary discovery. If the Court ultimately determines that *de novo* review applies, discovery can be expanded upon appropriate motion. Expanding discovery at a later date should not unduly delay the case.

The Court directs the parties to continue to meet and confer concerning the scope of discovery. If Plaintiff requires certain additional material relevant to the administrator's decision, Defendant may want to provide those materials voluntarily to expedite the litigation.

After limited discovery proceeds, if Plaintiff believes additional material should be obtainable through discovery, an appropriate motion and memorandum should be filed and Defendants should respond according to local rule.  The Court thereafter will consider the written submissions and rule.

A dispositive motion deadline of December 15, 2008 is scheduled.  Final pretrial is set before U.S. District Judge McDade on Friday, March 13, 2009 at 10:30 a.m.  Bench trial before Judge McDade is set Monday, April 13, 2009 at 9:00 a.m.

ENTER:    July 22, 2008

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE