UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MELISSA GARDNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERITECH SICKNESS AND )<br>ACCIDENT DISABILITY PLAN and )<br>AMERITECH LONG TERM )<br>DISABILITY PLAN, )<br>)<br>Defendants. ) | Case No. 08-cv-1007 |

## O P I N I O N and O R D E R

Before the Court is the Motion for Clarification filed by Defendants Ameritech Sickness and Accident Disability Plan and Ameritech Long Term Disability Plan, on December 23, 2009 (Doc. 45). The Motion is ALLOWED.

### BACKGROUND

On September 30, 2009, this Court issued an Order (Doc. 41) resolving cross-motions for summary judgment. The Court assumes familiarity with that Order. In Plaintiff's Motion for Summary Judgment, she made a number of arguments: that the standard of review is <u>de novo</u>, that Plaintiff is totally disabled, that she is entitled to benefits, and that Defendants' decision denying benefits is unreasonable. (Doc. 20). In conclusion, Plaintiff sought a judgment "reinstating Gardner's SADBP benefits . . . and . . . awarding LTD benefits retroactively." Defendants argued in their Motion for Summary Judgment that the Court should review under the arbitrary and capricious standard and that their decision denying benefits should

not be overturned under that standard. (Doc. 26) Thus, both parties sought a ruling on the standard to be employed and, depending on the standard used, the appropriateness of Defendants' decision to deny benefits.

This Court's Order denied both motions. In doing so, this Court stated: "In sum, there is insufficient admissible evidence on record to establish that IDSCQRU was acting pursuant to the Committee's discretionary benefit-determination authority when it denied disability benefits to Gardner. Therefore, the standard of review is <u>de novo</u>." This Court went on to find that because there were material issues of fact, summary judgment for either party was not appropriate. Defendants now seeks clarification of that Order. They argue that because this Court denied both motions for summary judgment, the issue of the standard of review is still open and it may present evidence of the standard to be employed at trial. While Clarification is appropriate, Defendants' conclusion is incorrect

## DISCUSSION

In cases such as this, the default standard of review is <u>de novo</u> unless Defendants can establish that "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989); <u>Sperandeo v. Lorillard Tobacco Co., Inc.</u>, 460 F.3d 866, 870 (7th Cir. 2006). It is black letter law that at the summary judgment stage, Defendants may not stand on the pleadings but must provide evidence from which a reasonable jury could find in their favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Harney v.</u>

Speedway SuperAmerica, LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) ("Summary Judgment is the 'put up or shut up' moment in a lawsuit."). Thus, once Plaintiff argued that the standard of review is de novo, because there was no evidence that IDSCQRU was expressly delegated or granted discretionary authority, Defendant was obligated to come forth with admissible evidence that showed a proper delegation of authority.[1] Defendant's only pieces of evidence, Nancy Watts' declarations, were found to be inadmissible. The result is that Defendants failed to present *any* evidence that would lead to the conclusion that an arbitrary and capricious standard should be used to assess their decision to deny benefits.

In light of this conclusion, the Opinion and Order resolving the Motions for Summary Judgment should have indicated that Plaintiff's Motion was granted in part as to the standard of review. This Court also should have indicated that, pursuant to Rule 56(d)(1), the Court finds that IDSCQRU was not expressly (or otherwise properly) delegated or granted the discretionary authority reserved for the Committee under the Plans' terms.

---

[1] Federal Rule of Civil Procedure 56(e)(2) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

# CONCLUSION

Therefore, the Motion for Clarification filed by Defendants (Doc. 45) is ALLOWED.[2]

The September 29, 2009 Opinion and Order [Doc. 41] is MODIFIED such that:

1. The first paragraph on page 2 is changed to read:

> For the reasons that follow, the motion to strike and the request for judicial notice are ALLOWED to the extent provided herein. Defendants' motion for summary judgment is DENIED and Plaintiff's motion for summary judgment is ALLOWED IN PART and DENIED IN PART.

2. The Conclusion section beginning on page 26 is changed to read:

> Gardner's motion to strike and her request for judicial notice (Docs. 35, 37) are ALLOWED to the extent provided herein. Gardner's motion for summary judgment is ALLOWED IN PART and DENIED IN PART (Doc. 19), Gardner's alternative motion for judgment pursuant to Rule 52 is DENIED, and Defendants' motion for summary judgment is DENIED. Pursuant to Rule 56(d)(1), the Court finds that IDSCQRU was not expressly (or otherwise properly) delegated or granted the discretionary authority reserved for the Committee under the Plans' terms. This case is referred to Magistrate Judge Cudmore for further proceedings related to pretrial matters including discovery and scheduling. The parties are invited to stipulate to a summary bench trial on a stipulated record.

3. In all other respect, the September 29, 2009 Opinion and Order stands as written.

Entered this 23rd day of February, 2010

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge

---

[2] To the extent that Defendants are seeking reconsideration, the Motion is DENIED.

4